1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   THOMAS LEE COOK,

11             Plaintiff,                    No. CIV S-06-758 GEB KJM P

12        vs.

13   MENTAL HEALTH OF
     PLACER COUNTY JAIL,

14

15             Defendants.                   ORDER

     _____/

16

                    Plaintiff is a county jail inmate proceeding pro se.  Plaintiff seeks relief under 42

17

     U.S.C. § 1983 and has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915.

18

     This proceeding was referred to this court by Local Rule 72-302 under 28 U.S.C. § 636(b)(1).

19

                    Plaintiff has submitted a declaration that makes the showing required by 28

20

     U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

21

                    Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28

22

     U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $3.34 will be assessed by this

23

     order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

24

     collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

25

     Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

26

                                              1

1  preceding month's income credited to plaintiff's prison trust account.  These payments will be

2  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

3  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4  I.  Screening The Complaint

5          The court is required to screen complaints brought by prisoners seeking relief

6  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

10  U.S.C. § 1915A(b)(1),(2).

11          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989); Franklin, 745 F.2d at 1227.

18          A complaint, or portion thereof, should only be dismissed for failure to state a

19  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

20  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

21  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

22  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

23  complaint under this standard, the court must accept as true the allegations of the complaint in

24  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

25  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

26  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

2

1    Plaintiff alleges that unnamed members of the medical staff ignored his request

2 for mental health care even though he noted in his request that he felt "un-stable and depressed."

3 Thereafter, Drs. Baker and Kalmar, and possibly Captain Fitzgerald, denied his medical

4 grievance.  A day later, plaintiff attempted suicide.  Plaintiff names Baker, Kalmar and Fitzgerald

5 as defendants, along with the mental health division of Placer County Jail.

6    Generally, the denial of a grievance does not state a claim under the Civil Rights

7 Act.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (because there is no constitutional right

8 to a grievance process, any deficiencies in the response to plaintiff's grievances do not state a

9 claim cognizable in a civil rights act).  If plaintiff is alleging that Baker, Kalmar and Fitzgerald

10 had the authority to provide or order mental health care as part of their evaluation of his

11 grievance, he might state a claim for the denial of mental health care.  See Olson v. Bloomberg,

12 339 F.3d 730, 735 (8th Cir. 2003) (inmate suicide cases are analyzed in terms of failure to

13 provide appropriate medical care); White v. Farrier, 849 F.2d 322, 327 (8th Cir. 1988) (whereas

14 warden not liable for deficiencies in medical treatment because he relied on the treating doctor's

15 assessment and lacked medical expertise to make an independent diagnosis, physician entitled to

16 exercise medical judgment).  Plaintiff must allege with at least some degree of particularity overt

17 acts in which defendants engaged that support plaintiff's claim.  Jones v. Community Redev.

18 Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Because the court cannot determine the exact nature

19 of plaintiff's claim, he will be given leave to file an amended complaint.

20    Plaintiff also names the mental health division of Placer County Jail as a

21 defendant.  In Monell v. New York City Dept. Of Social Services, 436 U.S. 658, 694 (1978), the

22 Supreme Court held a municipality (or agency) was not liable under the Civil Rights Act simply

23 because the agency or municipality employed a person who violated a plaintiff's constitutional

24 rights.  The basis for any such claim must be a showing of a governmental policy or custom that

25 was "the moving force" behind the constitutional violation.  City of Oklahoma City v. Tuttle, 471

26 U.S. 808, 820 (1985).  The Ninth Circuit has distilled these pleading requirements for a § 1983

action against a municipality:  the plaintiff must show he was deprived of a constitutional right, the municipality has a policy, the policy amounts to deliberate indifference to plaintiff's constitutional rights and the policy is the moving force behind the constitutional violation. Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992).  The same requirements apply to a suit against a municipal employee in his official capacity, because a judgment in such a case imposes liability on the municipality.  Brandon v. Holt, 469 U.S. 464, 472 (1985).  Plaintiff has not met the pleading requirements for a Monell claim, but will be given the opportunity to amend his complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////

II.  Requests For Subpoenas

On April 28 and May 2, 2006, plaintiff requested subpoenas for specified material from the Placer County Jail.  Until the court has found the complaint appropriate for service and the defendants have answered the complaint, discovery is premature.  Attempts to subpoena records should be made only after the court issues a discovery order.

III.  Request For Additional Time To Secure A Lawyer

On May 2, 2006, plaintiff requested additional time in order to find a lawyer.  Although the court will not stay the case, it will grant additional time in which to file the amended complaint.

IV.  Motion For The Appointment Of Counsel

Plaintiff has requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel under 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.  Plaintiff is assessed an initial partial filing fee of $3.34.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

/////

1        4.  Plaintiff is granted sixty days from the date of service of this order to file an

2  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

3  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

4  docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

5  an original and two copies of the amended complaint; failure to file an amended complaint in

6  accordance with this order will result in a recommendation that this action be dismissed.

7        5.  Plaintiff's April 28 and May 2, 2006 requests for subpoenas are denied without

8  prejudice.

9        6.  Plaintiff's May 2, 2006 request for additional time to find counsel is granted in

10  part; plaintiff's amended complaint is due sixty days from the date of this order.

11        7.  Plaintiff's May 22, 2006 request for the appointment of counsel is denied.

12  DATED:  July 11, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

2
cook0758.14